UNITED STATES DISTRICT COURT　　　SOUTHERN DISTRICT OF TEXAS

Michael A. Rossum, §
　　　　　　　　　　　§
　　　　Plaintiff, §
　　　　　　　　　　　§
v. § Civil Action G-17-66
　　　　　　　　　　　§
Nancy Berryhill, §
　　　　　　　　　　　§
　　　　Defendant. §

## Opinion on Summary Judgment

1. *Introduction*

Michael A. Rossum brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. The question is whether substantial evidence supports the commissioner's decision. It does.

2. *Background*

Rossum applied for disability benefits on April 9, 2015, alleging he was disabled as of January 25, 2013. Rossum claims to suffer from impairments that limit his ability to work, including diabetes, neuropathy, major depressive disorder, post-traumatic stress disorder and tarsal tunnel syndrome. Rossum's main problem is his inability to stand for long periods of time.

Rossum worked as an immigration enforcement agent from 1997 to 2013. Before that he was in the Army. He has a high school education.

The hearing officer found that Rossum's diabetes mellitus, neuropathy, major depressive disorder, and post-traumatic stress disorder are severe impairments that prevent him from returning to his past work. Because those impairments do not prevent him from finding other work the hearing officer found that Rossum is not disabled.

## 3. Legal Framework

### a. Standard of Review

This court's review is limited to determining whether the commissioner's decision is supported by substantial evidence and whether the correct legal standards were employed. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). The court "does not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* "A decision is supported by substantial evidence if credible evidentiary choices or medical findings support the decision." *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).

### b. Statutory and Regulatory Criteria

The Social Security Act provides disability insurance benefits to people who have contributed to the program and have a physical or mental disability. *See* 42 U.S.C. § 423. It defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner uses a sequential, five-step approach to determine whether the claimant is disabled. The claimant bears the burden of proof on the first four steps, but the Commissioner bears the burden on the fifth step. *Newton*, 209 F.3d at 455. First, a person who is working and engaging in substantial gainful activity is not disabled. Second, a person who does not have a severe impairment is not disabled. Third, a person whose severe impairments meet or equal an impairment in appendix 1 of the regulations is deemed disabled. The commissioner must determine the person's residual functional capacity ("RFC"), which is a determination of the most the claimant can still do despite his physical and mental limitations. The RFC is used in the fourth and fifth steps of the analysis to determine whether the claimant can perform past relevant work or any other work that is significant in the national economy.

4. *Analysis*

The hearing officer followed the correct legal rules, and his findings are supported by substantial evidence.

Rossum has not engaged in gainful employment since 2013. The hearing officer found that Rossum has severe impairments from diabetes millitus, neuropathy, major depressive disorder, and post-traumatic stress disorder. None of those impairments meets one in the listings. The hearing officer determined that Rossum has the RFC to perform light work with several limitations. Rossum can stand and walk four hours in an eight-hour day. He can sit four out of eight hours. He must be allowed to change positions from standing to sitting at will. He can lift, push and pull twenty pounds occasionally, and ten pounds frequently. He

3

also has mental limitations. He can perform detailed, but not complex, tasks. He can have only occasional contact with the general public and co-workers.

Based on that RFC, the hearing officer found that Rossum could not return to his past work as an immigration enforcement officer. He could, however, find work as a mail clerk, a small products assembler, or an electronics worker. He is therefore not disabled.

The hearing officer's decision is based on Rossum's medical and psychological records. He also considered Rossum's and the vocational expert's hearing testimony. None of Rossum's treating physicians found him disabled, either physically or mentally. All the state agency physicians and psychiatrists agreed that Rossum did not suffer from any severe impairments.

In 2015, Dr. Ligon reviewed Rossum's records from the Department of Defense and the VA hospital, as well as Rossum's function report. He found that Rossum had no severe impairments. Rossum's high blood pressure, high cholesterol, and diabetes were controlled with medications. Dr. Ligon found no evidence of weakness or neuropathy and found Rossum's gait to be normal. Dr. Ligon found that Rossum was able to manage his personal care, do laundry, cook, drive, shop, and pay his bills. On reconsideration, Dr. Rehman reviewed the same records and additional medical records that Rossum submitted and made similar findings.

Dr. Marler, Ph.D., considered Rossum's mental health in 2015 and found he was not severely impaired. He found only mild restrictions in his daily activities, social functioning and ability to maintain concentration, persistence

and pace. He found no episodes of decompensation. On reconsideration, Dr. Murphy, Ph.D., made similar findings.

The medical and psychiatric records show that Rossum was able to manage his daily affairs, care for his fifteen-year-old grandson, and engage in some exercise, including walking. Although no medical source found that Rossum suffered from any severe impairments, the hearing officer independently considered the medical evidence and Rossum's testimony and came to a contrary conclusion. The hearing officer included in the RFC several limitations based on the severe impairments he found. The RFC is supported by the evidence.

The vocational expert testified, based on the hearing officer's RFC, that Rossum could find other work in the national economy. The hearing officer was entitled to rely on the hearing officer's testimony.

Rossum argues that the RFC does not fully incorporate all his impairments, such as tinnitus, insomnia, and tarsal tunnel syndrome. Rossum has not pointed to any medical records showing that Rossum suffers from tinnitus. The court's independent review of the record reveals a brief mention of tinnitus, but no evidence that the condition would have any bearing on Rossum's ability to work. Rossum did not testify about any hearing problems. Rossum testified that he was having some difficulty sleeping but led the hearing officer to believe that his sleeping difficulties were alleviated with medications. Tarsal tunnel syndrome causes pain when standing. Rossum's ability to stand was specifically addressed at the hearing and in the RFC.

Rossum next argues that the hypothetical posed to the vocational expert was incomplete. According to Rossum, the hypothetical does not include

5

limitations for Rossum's mental impairments. Rossum is mistaken. The hearing officer's hypothetical question to the vocational expert included limitations based on Rossum's depressive disorder and post-traumatic stress disorder.

Rossum faults the hearing officer for not following the regulations when assessing his mental impairments. The hearing officer carefully considered all the criteria required under the listings, including the "paragraph B," and "paragraph C" criteria. The hearing officer also considered Rossum's mental impairments in formulating the RFC.

According to Rossum, the ALJ should have made a finding not only that Rossum could obtain employment, but also that he could maintain employment. The hearing officer must make a separate finding that a claimant can maintain a job where an ailment "waxes and wanes" in its manifestation of the disabling symptoms. *See Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). There is no evidence that Rossum's impairments are so variable, however.

The court rejects Rossum's argument that the hearing officer should have obtained a consultative examination. The medical evidence in this case is not complex. The record already includes state agency expert interpretations of the medical evidence. There was no need for another expert.

Rossum argues that the hearing officer was required to give great weight to the Department of Veterans Affairs finding that Rossum was disabled. Because the legal and factual standards applied by the VA and the Social Security Administration are different, the hearing officer was required to consider the VA's finding, but could reject it if he gave reasons for doing so. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). That is what the hearing officer

6

did. He considered the VA's findings and rejected them because they were inconsistent with the evidence in the record.

Rossum takes the position that the RFC is internally inconsistent because it allows for Rossum to change positions at will, but also limits him to standing for only four out of eight hours. There is nothing internally inconsistent about this. The RFC permits Rossum to move from sitting to standing when he needs to but allows him to sit for four hours.

Finally, Rossum complains that he was not represented at the administrative hearing. Rossum was advised in writing and at the hearing that he could have representation. He chose to represent himself.

5. *Conclusion*

The commissioner's decision denying Rossum's claim for disability benefits is supported by substantial evidence and will be affirmed. Michael A. Rossum will take nothing from Nancy Berryhill.

Signed on June 5, 2019, at Houston, Texas.

Lynn N. Hughes
United States District Judge